(No. 5271— ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ELGIN SALVAGE AND SUPPLY COMPANY, INC., a Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 14, 1969.*

JOHN P. CALLAHAN, JR., Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

PEZMAN, J.

On September 19, 1965, Paul Berdine, a patient at the Elgin State Hospital, Elgin, Illinois, escaped from that hospital, and broke into a retail store operated by claimant at 115 Kimball Street, Elgin, Illinois. Berdine removed from claimant's store three radios having a total value of $139.65. In gaining entrance to claimant's store Berdine broke a glass window in the store causing further damage in the amout of $9.79. Claimant seeks to recover from the State of Illinois the sum of $149.44.

The transcript of evidence in this case includes exhibits offered by claimant, and admitted from the files of the Elgin State Hospital showing that this particular patient had escaped on prior occasions, and on one or two occasions had been suspected of stealing property in the city of Elgin. These records also indicate that the patient, Berdine, escaped on the night in question by pushing out a screen window.

Claims filed for damages caused by an escaped inmate of a State institution in prior decisions of this Court indicate that the State is not an insurer, and is only liable for such damages if the State is negligent in allowing the inmate to escape. *Malloy* vs. *State of Illinois,* 18 C.C.R. 137; *Fern L. Huff* vs. *State of Illinois,* 22 C.C.R. 361.

In the instant case evidence was admitted, and testimony heard before Commissioner Simpson on April 20, 1967. Respondent, State of Illinois, did not attend the hearing before the Commissioner, nor did it provide any additional evidence, although the Commissioner granted respondent leave to do so. Respondent contends in its brief that the State was not negligent in exercising its custody over the inmate, Berdine, and was, therefore, not liable for damages.

It is the opinion of this Court that the evidence offered by claimant is sufficient to establish a prima facie case of negligence on the part of respondent. Berdine, in view of his past record, should have been kept under greater surveillance than the ordinary inmate. The evidence does not indicate that respondent took any special steps to prevent his escape, even though his record indicated prior escapes.

Respondent offered no testimony on the point. The facts pertaining to the surveillance and escape of the inmate were in the exclusive control of respondent, and leave the implication that said evidence would have been presented had the same been favorable to respondent.

In *U. S. Fidelity and Guaranty Company, A Corporation,* vs. *State of Illinois,* 23 C.C.R. 188, the Court held that it was incumbent upon the State to come for-

ward with evidence to show that they were not negligent in a situation such as this. Without such showing it will be presumed that the State was negligent based upon the inferences to be drawn from the fact of the escape.

Claimant has borne the burden of proving that respondent was negligent in allowing the inmate to escape.

Claimant's claim in the sum of $149.44 is hereby allowed.